UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALCOTT HR GROUP, LLC,

                              Plaintiff,

v.

EDWIN GOZDZIAK, AS
ADMINISTRATOR OF THE ESTATE OF
GEORGE GOZDZIAK, and MICHELLE L.
EMSER,

                              Defendants.

**DECISION AND ORDER**

20-CV-00180-JLS-JJM

　　　　　Before the court is plaintiff Alcott HR Group, LLC's motion pursuant to Fed. R.

Civ. P. ("Rule") 55(b) for entry of a default judgment against defendant Edwin Gozdziak, as

Administrator of the Estate of George Gozdziak, for an order directing plaintiff to make certain

payments to defendant Michelle L. Emser, and awarding plaintiff legal fees pursuant to a

stipulation between plaintiff and Emser [16].[1]  The parties have consented to my jurisdiction

with respect to this motion [19].  Having reviewed the plaintiff's submission [16], plaintiff's

motion is granted.

## BACKGROUND

　　　　　Plaintiff commenced this action seeking a declaratory judgment against defendant

Edwin Gozdziak, as Administrator of the Estate of George Gozdziak (the "Administrator"), and

an order to pay to defendant Michelle L. Emser ("Emser") the proceeds of George Gozdziak's

---

[1]　　　Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page
references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

multi-employer, fully vested, retirement plan account (the "Proceeds"). Affirmation [16-1] ¶¶ 2, 6.  The Complaint also seeks an award of reasonable attorney fees and costs.  Complaint [1], p. 8.

The Administrator was served by substituted service at his residence and by mail on March 13, 2020. [6].  On September 4, 2020, the Clerk of this Court entered default against him due to his failure to appear [15].  Defendant Emser answered the Complaint on March 31, 2020.  *See* Answer [7].

## DISCUSSION

"Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." Garden City Boxing Club, Inc. v. Giambra, 2004 WL 1698633, *1 (W.D.N.Y. 2004). "Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." Id.

The Complaint alleges that plaintiff administers a 401(k) plan (the "Plan"), in which decedent George Gozdziak (the "Decedent" or "Participant") participated prior to his death on March 17, 2017.  Complaint [1] ¶¶ 2-3.  After Decedent's death, the Plan received two claims for distribution of the Plan's proceeds.  Id., ¶¶ 17-18.  The Plan notified the defendants' attorneys on March 13, 2019 of its process and procedures for claims and appeals, and requested that each of the claimants submit additional information so the Plan could determine the proper beneficiary.  Id., ¶20; *see also* Exhibits C-1 [1-4] and C-2 [1-5].  The Plan cautioned defendants that failure to exhaust the claims procedure or to meet the various deadlines provided therein would result in forfeiture of the right to benefits.  Complaint [1], Exhibit C-1 [1-4], pp. 1-2.  The

Plan received no response from the Administrator or his attorney, and requested on April 2, 2019, July 2, 2019, and July 18, 2019 that the Administrator respond.  *See* id., ¶¶ 26, 29; *see also* Exhibits D-1 [1-6] andG-1 [1-23] .  In addition, Emser's attorney requested on August 7, 2019 and December 18, 2019 that the Administrator respond to the Plan.  *See* id., Exhibits G-2 [1-24] and G-3 [1-25]. The Administrator did not respond.  Id. ¶¶ 27, 30.

Defendant Emser, however, provided evidence to the Plan (including affidavits), that the Decedent had, in July 2005, completed a beneficiary form naming Emser as the Plan beneficiary and notified others of his decision years prior to his death.  *See* Complaint [1], ¶¶ 21-25, 28; *see also* Exhibits A-1 [1-1], A-2 [1-2], B [1-3], E-1 [1-13] through E-4 [1-16], and F-1 [1-17] through F-6 [1-22].  Because plaintiff's allegations demonstrate that the Administrator failed to comply with the Plan's claims process, they are sufficient to entitle the Plan to the declaratory relief requested in the Complaint. *See* Complaint [1] ¶ 35 ("[t]he failure on the part of the Estate to exhaust its rights under the Plan's internal claims process should result in forfeiture of the Estate's claim to the benefit"); p. 7 (requesting that the court "settle and adjust" defendants' claims and "determine to whom the Plan Benefits, plus any applicable interest should be paid").  Accordingly, I find that the Administrator has forfeited his claim to the Plan proceeds.

In addition, plaintiff's motion requests "an order of this court that directs Plaintiff to pay over the Proceeds to Emser". Affirmation [16-1] ¶ 6.  Because the motion is not opposed and there is no other claimant to the Proceeds, plaintiff's motion is granted, and I order Plaintiff to pay the Proceeds to Emser.

Finally, plaintiff requests that this court's order award plaintiff "$5,000 in legal fees and costs", and directs plaintiff "to retain $5,000 of the Proceeds for its legal fees and costs and to release the balance of the Proceeds" to Emser pursuant to the stipulation between Emser and plaintiff.  *See*  Affirmation [16-1] ¶¶ 6-7 and Exhibit B [16-3], Stipulation.  Pursuant to 29 U.S.C. § 1132 (g)(1), "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party".  This court may award fees and costs to a party who has "achieved some degree of success on the merits".  *See* Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242 (2010).  Here, plaintiff has met this standard because it has achieved the relief it sought in its complaint.  *See* Taaffe v. Life Insurance Company of North America, 769 F.Supp.2d 530, 540-41 (S.D.N.Y. 2011) ("According to Taaffe, a party succeeds 'on the merits' when it achieves the relief it sought with respect to a particular substantive claim, regardless of the means by which it achieves that result. . . . Taaffe's interpretation of 'success on the merits' is the more reasonable view.").

I also find that plaintiff's fee request is reasonable.  Plaintiff seeks an award of $5,000 to be withheld from the Proceeds.  Courts determining the reasonableness of a fee pursuant to 29 U.S.C. § 1132(g) are "free to rely on a percentage of recovery determination, and/or to employ the lodestar method (multiplying the attorneys' billable hours by their reasonable billable rate)."  In re Eastman Kodak ERISA Litigation, 213 F.Supp.3d 503, 506 (W.D.N.Y. 2016).  The requested fee is reasonable by either measure.  Plaintiff submitted with its prior motion for summary judgment [9] an attorney declaration [9-1] outlining the work performed on this matter.  The attorneys and paralegal working on this matter spent a total of 48.1 hours through April 1, 2020.  Attorney Declaration [9-1], pp. 3-5.  A fee of $5,000 results in

an effective hourly rate of only $103.95,[2] which is significantly less than the hourly rates of both

the attorneys and paralegal working on the file, and less than the typical hourly rates found to be

reasonable in this district.  *See* <u>In re Eastman Kodak</u>, 213 F.Supp.3d at 508 (noting that

$320/hour was a typical reasonable hourly rate in this district).  Moreover, the total fee requested

here represents only approximately 6.8% of the Proceeds.  Accordingly, I find the fee request is

reasonable.

## CONCLUSION

The plaintiff's motion [16] for default judgment and other relief is granted.  The

Administrator has forfeited its claim to the Proceeds pursuant to the Plan's claims provisions due

to its failure to respond.  Given that there are no other claimants, Emser is entitled to the Plan

Proceeds.  In addition, Plaintiff is entitled to an award of attorney fees in the amount of $5,000.  I

therefore order Plaintiff to pay the Proceeds, minus the $5,000 attorney fee, which it may retain

from the Proceeds, to Emser.  The Clerk shall enter judgment accordingly.


Dated:  December 23, 2020

JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[2]     This effective hourly rate was calculated by dividing the stipulated fee ($5,000.00) by the total
number of hours (48.1) documented in the Attorney Declaration [9-1].